O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| VIDAL SOLANO ROMERO § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:11-cv-18 |
| § | CRIMINAL ACTION NO. 5:09-cr-1044 |
| UNITED STATES OF AMERICA § | |

## **OPINION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION**

Pending before the Court is Petitioner Vidal Solano Romero's ("Romero") "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After considered the motion, record and controlling authorities, the Court **DENIES** Romero's § 2255 motion.

I.  BACKGROUND

On May 12, 2009, a federal grand jury in Laredo, Texas, charged Romero in a one-count indictment with illegal reentry in violation of Title 8, United States Code, Section 1326.[2] On June 11, 2009, Romero pleaded guilty to Count One.[3] On September 3, 2009, the Court sentenced Romero to 51 months in custody.[4] Final judgment was entered September 10, 2009.[5] On September 4, 2009, Romero filed a notice of appeal.[6] On March 23, 2010, Romero filed a motion to dismiss his appeal.[7] The appeal was dismissed on March 24, 2010.[8] On March 2,

---

[1] Dkt. No. 1 ("Dkt. No. refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:11-cv-18. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:09-cr-1044).
[2] Cr. Dkt. No. 7.
[3] 5:09-cr-1044, Minute Entry, June 11, 2009; Cr. Dkt. No. 25.
[4] Cr. Dkt. No. 25.
[5] *Id.*
[6] Cr. Dkt. No. 23.
[7] Motion for appellant, *United States of America v. Vidal Solano Romero*, 5th Cir. No. 09-40909, Document 511060013 (March 23, 2010); The Court notes the fact that Romero motioned the Fifth Circuit to dismiss his case

2011, Romero filed this motion pursuant to 28 U.S.C. § 2255.[9] In his motion, Romero claims that he received ineffective assistance of counsel at sentencing because his counsel allegedly failed to properly argue, pursuant to 18 U.S.C. § 3553(a)(6), that the sentence was unreasonable due to "sentencing disparities."[10]

## II.   DISCUSSION

### A.   Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[11] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[12] After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[13]

### B.   Ineffective Assistance of Counsel

Romero rests his § 2255 petition on a claim of ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Romero must show (1) that counsel's performance fell below an objective standard of

---

contradicts his assertion that his appellate counsel filed an *Anders* brief. *See* Dkt. No. 1 at p. 3.
[8] Clerk Order, *United States of America v. Vidal Solano Romero*, 5th Cir. No. 09-40909, Document 511060297 (March 24, 2010).
[9] Dkt. No. 1.
[10] *Id.* at p. 4.
[11] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[12] 28 U.S.C. § 2255; *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).
[13] 28 U.S.C. § 2255, Proc. R. 4(b).

reasonableness, and (2) that Romero suffered prejudice as a result.[14] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."[15]

Because Romero is required to demonstrate both unreasonable performance and prejudice, the Court must dismiss Romero's claim if it finds that he will be unable to demonstrate either prong. The Court begins by noting that Romero's claim is insufficient on its face. He states his counsel was ineffective for failing to argue that "51 months of imprisonment was unreasonable . . . since in this judicial district defendants with similar conduct and found guilty to similar offense (sic) have received a lesser sentences."[16] Romero wholly fails to develop this argument further with the specific facts of his case. He does not identify the "defendants," "similar conduct" or the "similar offense." "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."[17] Additionally, Romero's claim must fail because he has not demonstrated that he was prejudiced by his attorney's actions. In Romero's case, the Court considered all the 3553(a) factors—including 3553(a)(6) which deals with sentencing disparities. Even assuming that Romero's attorney failed to argue 3553(a)(6) at sentencing, Romero was not prejudiced because the Court independently considered 3553(a)(6). Romero received effective assistance of counsel.

---

[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[15] *Id.* at 689.
[16] Dkt. No. 1 pp. 14-15.
[17] *Miller v. Johnson*, 200 F.3d 274, 282 (2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

### III.   CONCLUSION

The Court has considered the motion, record and controlling authorities. Because Romero has not demonstrated that he received ineffective assistance of counsel, the only claim asserted in his 28 U.S.C. § 2255 motion, the motion is **DENIED WITH PREJUDICE**. Should Romero seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED.

DONE this 4th day of March, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE